OA 91   Criminal Complaint

# United States District Court

| NORTHERN | DISTRICT OF | CALIFORNIA |

**FILED**
OCT 2 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
JOSE De JESUS GUZMAN-BAEZ
[a/k/a Jose De Jesus Guzman, a/k/a Jose Guzman]

CRIMINAL COMPLAINT   **WDB**

Case Number: 4 - 0 7 - 7 0 6 4 0

**EMC**

NAME AND VENUE

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about 01/06 to 10/17/07 in Alameda County, in the NORTHERN District of CALIFORNIA defendant(s) did,

(Track Statutory Language of Offense)
OFFENSES: SEE ATTACHMENT A

in violation of Title 8   United States Code, Section(s) 1324(a)(1)(A)(iii), 1324a(a)(1)(A), 1324a(a)(2) .

I further state that I am a(n) Special Agent Michael Barge and that this complaint is based on the following facts:
   Official Title

SEE ATTACHED AFFIDAVIT

PENALTIES: SEE ATTACHMENT A

"NO BAIL" ARREST WARRANT REQUESTED

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form: DEBORAH R. DOUGLAS
   AUSA

MICHAEL BARGE, SPECIAL AGENT (ICE)
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

10/29/07
Date

at San Francisco, California
   City and State

Edward M. Chen   U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer


Document No.
District Court
Criminal Case Processing

## ATTACHMENT A: OFFENSES AND PENALTIES

<u>Count One</u>: 8 U.S.C. § 1324(a)(1)(A)(iii) [Harboring of Illegal Aliens]

      Beginning at a time unknown, but not later than in or about January 2006, and continuing thereafter up to and including October 17, 2007, in the Northern District of California, the defendant, JOSE DE JESUS GUZMAN-BAEZ, did knowingly and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in any place, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

<u>Maximum Penalties</u>: Five years imprisonment, three years supervised release, $250,000 fine, and $100 special assessment.

<u>Count Two</u>: 8 U.S.C. § 1324a (a)(1)(A) [Employment of Illegal Aliens]

      Beginning at a time unknown, but not later than in or about January 2006, and continuing thereafter up to and including October 17, 2007, in the Northern District of California, the defendant, JOSE DE JESUS GUZMAN-BAEZ, did knowingly hire an alien for employment in the United States, knowing that the alien is an unauthorized alien, as defined in 8 U.S.C. § 1324a (h)(3), with respect to such employment, in violation of 8 U.S.C. § 1324a(a)(1)(A).

<u>Maximum Penalties</u>: Six months imprisonment, one year supervised release, $3,000 fine for each unauthorized alien, and $10 special assessment.

<u>Count Three</u>: 8 U.S.C. § 1324a (a)(2) [Continuing Employment of Illegal Aliens]

      Beginning at a time unknown, but not later than in or about January 2006, and continuing thereafter up to and including October 17, 2007, in the Northern District of California, the defendant, JOSE DE JESUS GUZMAN-BAEZ, after knowingly hiring an unauthorized alien for employment in the United States, did continue to employ the alien, knowing the alien is, or has become, an unauthorized alien with respect to such employment, in violation of 8 U.S.C. § 1324a(a)(2).

<u>Maximum Penalties</u>: Six months imprisonment, one year supervised release, $3,000 fine for each unauthorized alien, and $10 special assessment.

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, MICHAEL BARGE, being duly sworn, state as follows:

1. I am a Special Agent with the United States Immigration and Customs Enforcement ("ICE") and have been so employed for over three years. I am currently assigned to the Worksite Enforcement Unit in San Francisco. As part of my duties, I investigate violations involving the knowing harboring and employment of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) [Harboring of Illegal Aliens] and 8 U.S.C. § 1324a [Employment of Illegal Aliens]. I have been assigned to or have assisted in numerous investigations relating to immigration matters throughout my career.

2. Through training and experience, I am aware that all employers are responsible to ensure that each employee, U.S. citizen or not, is authorized for employment in the United States. Employers are required to complete and retain employment eligibility verification (I-9) forms for all employees hired after November 6, 1986. An employer is obligated to review documents that prove a newly hired employee's identity and eligibility to work. These documents may include a permanent resident card ("green card") or an employment authorization card and a social security card. Aliens legally present in the United States may apply for these documents.

3. This affidavit is made in support of a criminal complaint for the arrest of Jose De Jesus Guzman-Baez, a/k/a, Jose De Jesus Guzman, a/k/a Jose Guzman ("Guzman"), the owner and employer of Pepe's Cabinets, a carpentry business located at 1285 47th Avenue #A, Oakland, California. There is probable cause to believe that Guzman knowingly and in reckless disregard of the fact that an alien has come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in any place, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). There is also probable cause to believe that Guzman has knowingly employed unauthorized aliens and has continued to employ them knowing the alien is, or has become, an unauthorized alien with respect to such employment, in violation of 8 U.S.C. §§ 1324a(a)(1)(A) and 1324a(a)(2).

4. The information contained in this affidavit is known to me as a result of my personal participation in this investigation or was related to me by other law enforcement officers as well as a confidential informant who is employed at Pepe's Cabinets; physical surveillance; administrative subpoenas; and immigration and other records. During the course of this investigation, I have consulted with ICE agents who have conducted numerous worksite investigations and have participated in hundreds of search and arrest warrants resulting in successful federal prosecutions. This affidavit is intended to show that there is probable cause for issuance of an arrest warrant and does not purport to set forth all of the evidence gathered to date in this investigation.

5. In July 2006, the ICE Special Agent in Charge of the San Francisco Field Office received information from the Department of Homeland Security's ICE tip-line that Guzman

is employing approximately 20 illegal aliens at Pepe's Cabinets, 1285 47th Avenue #A, Oakland, California. The caller identified Guzman as an illegal alien who pays his undocumented workforce in cash.

6. On November 15, 2006, ICE Special Agent Michael Ertz and this affiant entered the business at Pepe's in an undercover capacity as potential customers. Employees directed this affiant into the back office where I encountered an unidentified Hispanic woman working at a desktop computer. The woman introduced this affiant to the owner, whom I immediately recognized as Guzman based on a California Department of Motor Vehicles driver's license (B6731455) photograph. This affiant received a Pepe's business card bearing the name Jose Guzman. When this affiant asked the owner, "who is Jose Guzman?," Guzman responded, "That's me," and then explained that his nickname is "Pepe."

7. On April 4, 2007, this affiant followed Guzman to his residence at 3933 Midvale Avenue, Oakland, California. A check with the United States Postal Service revealed that the following individuals received mail at 3933 Midvale Avenue, Oakland, California: Jose De Jaz Guzman Baez, Ma De Jesus Ramirez, Maria A. Ramirez (Guzman's wife), Leopoldo Perez-Cruz (Guzman's employee), and Octavio E. Jauregui (identified as Guzman's landlord).

8. This affiant has obtained information from the City of Oakland Business Tax Office regarding required annual filings from Pepe's since its inception in November 1998 through 2005. Guzman has been the sole owner of Pepe's and has claimed no more than one full-time employee. Guzman provided the Business Tax Office with Social Security number 672-90- 9824.

9. California employers must file quarterly reports ("DE 6") with the California Employment Development Department ("EDD") reporting the identities and tax withholding for all employees. This affiant has obtained a copy of EDD records for the first quarter of 2006 (beginning in January 2006) through the second quarter of 2007. As an example, Guzman reported Victor Castro, Guillermo Hernandez, Francisco Velasco as Pepe's employees in the first quarter of 2006. For the most recent quarter (second quarter of 2007), Guzman reported Maria G. Gamino, Leopoldo Perez, Maria D. Ramirez (Guzman's wife), Marvin Terezon, and Michael Velascopantoja as Pepe's employees.

10. Information obtained from the Social Security Administration ("SSA") reveals as follows:

> a. Guzman and all seven employees reported to in the year 2006 used social security numbers that appear to be fraudulent because they do not match SSA records. Of eight social security numbers submitted to EDD (for Guzman and seven employees), five numbers do not match the person who used them and three are invalid (meaning an impossible number or one that has not yet been assigned). Social Security number, 672-90- 9824, used by Guzman is also invalid. The seven reported

2

employees are Victor Castro, Guillermo Hernandez, Francisco Velasco, Ana Buenrostro, Leopoldo Cruz, Yeni Lopez, and Fernandez Gomez.

b. According to EDD, two additional employees, Marvin Terezon and Maria Guadalupe Gamino, were reported by Guzman as commencing employment at Pepe's in the first quarter of 2007. Social Security Administration checks reveal that the social security numbers that Guzman submitted to EDD for Terezon and Gamino are fraudulent. Based on EDD records for the second quarter of 2007, Guzman reported two additional employees, Maria D. Ramirez (Guzman's wife) and Michael Velascopantoja. Social Security Administration checks reveal the social security numbers that Guzman submitted to EDD for Ramirez and Velascopantoja are fraudulent.

11. On December 5, 2006, ICE Special Agent David Moss and this affiant interviewed and obtained a sworn statement from a cooperating witness, who is an illegal alien employed at Pepe's since April 2006. Earlier that morning, the cooperating witness had been arrested outside his apartment and admitted to agents that he is illegally present in the United States. The cooperating witness is a Mexican citizen who last entered the United States by crossing the border between the United States and Mexico without inspection by an immigration officer. This investigation reveals that, although the cooperating witness has been employed at Pepe's since April 2006, Guzman has not reported him as an employee to EDD.

12. The cooperating witness has no criminal history and no promises were made to him. The cooperating witness has been granted deferred action and short-term employment authorization for himself and his wife. Deferred action in this context means that for a temporary period of one year, with the possibility of extensions, ICE will not seek to remove the cooperating witness or his wife from the United States. Deferred action was granted based on the witness' cooperation with this investigation and the medical condition of a family member. As of this date, only the wife has received an employment authorization card.

13. During this investigation, the cooperating witness has continued to work at Pepe's and has provided information about Pepe's employees, including their names, countries of origin, and how they traveled to and from work. The cooperating witness informed this affiant as follows:

a. Guzman hired the cooperating witness in April 2006 to work at Pepe's as a carpenter for $10.00 per hour. This affiant asked the cooperating witness if he had filled out an employment eligibility verification (I-9) form to work at Pepe's and showed him a copy of the form. After reviewing the I-9 form, the cooperating witness responded, "No." The cooperating witness stated that his hiring process at Pepe's was "verbal" and he did not complete paperwork or provide identification to anyone at Pepe's. The cooperating witness further stated that, while working at Pepe's, he has never been provided with a W-2 form.

3

b. It is common for Pepe's employees to describe to each other how they arrived in the United States. Based on conversations with his co-workers, the cooperating witness knows that all eight Pepe's employees, including Froylan Flores who is currently on a leave of absence, are illegally present in the United States. All of the employees are from Mexico, except for Marcelino Llamas and Marvin Terezon, who are from Guatemala and El Salvador, respectively. In late 2006, Guzman hired Jaime Sandoval, who admitted to the cooperating witness that he is from Mexico and is illegally present in the United States. Even the two most recent employees whom Guzman reported to EDD in the second quarter of 2007, Maria D. Ramirez (Guzman's wife) and Michael Velascopantoja, discussed their status as illegal aliens. Ramirez told Pepe's employees how easy it was to cross the border from Mexico to the United States through Mexicali (a town situated close to the border). Ramirez stated that she jumped a fence and then crossed a sewer. During a conversation with Michael Velascopantoja ("Michelle"), Velascopantoja admitted to the cooperating witness that he is an illegal alien who crossed the border in the desert.

c. Pepe's has a timecard system to track hours worked and every other week Guzman calls each employee, individually, into his office to pay him or her. Guzman pays the cooperating witness $800.00 in cash every other week. The cooperating witness knows three workers who are paid by check: Fernando Gomez, Leopold Perez, and Francisco Velasco. Leopoldo Perez showed the cooperating witness a check after being paid by Guzman. Information from EDD for the third quarter of 2006 reveals that Pepe's had reported wages to Fernando Gomez, Francisco Velasco, and an individual named Leopoldo Perez Cruz. On June 12, 2007, the cooperating witness told this affiant that, for the last two months, Leopoldo Perez Cruz had been living at and renting a room inside Guzman's residence at 3933 Midvale Avenue in Oakland.

d. On March 22, 2007, the cooperating witness asked Guzman if he would hire a friend who had just arrived from Mexico and "doesn't have papers." "Papers" in street vernacular means immigration documents that establish evidence of authorized stay in the United States (e.g. permanent resident or green card). Guzman stated that he wanted to first determine the work status of another employee who was recently hospitalized. Nothing further was discussed.

e. The cooperating witness stated that Guzman's cell number is (510) 206-4802. AT&T records confirm that cell phone number (510) 206-4802 is subscribed to Jose Baez, who provided AT&T with California driver's license number B6731455 and Social Security number 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. The photograph from California driver's license number B6731455 is the same photograph that this affiant used to confirm Guzman's identity on November 15, 2006. Social security number 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 is the same fraudulent social security number that Guzman has provided to the City of Oakland Business Tax Office and the California EDD in connection with his business at Pepe's.

14. On July 27, 2007, this affiant received a phone call from the cooperating witness who stated that Guzman's wife, Maria Ramirez, came into Pepe's that morning. Ms. Ramirez told the employees that immigration officials had arrested Guzman and confiscated his blue Tahoe vehicle. The cooperating witness stated that Guzman arrived at Pepe's later that day.

15. On August 1, 2007, this affiant received an incident report from the U.S. Coast Guard ("USCG") Security Police at Coast Guard Island in Alameda, CA. The report reveals as follows:

a. On July 27, 2007, Guzman and Maria Guadalupe Gamino-Perez ("Gamino") attempted to enter Coast Guard Island in a blue Chevy Tahoe registered to Guzman. The blue Tahoe had expired registration tags. The cooperating witness, EDD records checks, and surveillance all confirm that Ms. Gamino is an employee of the Pepe's business.

b. USCG officers contacted the Alameda Police Department after determining that Guzman's California driver's license (B6731455) had been suspended.

c. Alameda Police Officer McManamin responded and gave Guzman a citation for driving with a suspended license. The blue Tahoe was impounded and Guzman was released to USCG officers.

d. After Guzman and Ms. Gamino provided Mexican Consular identification cards, USCG Officer Lualemaga completed immigration questionnaires. Guzman and Ms. Gamino admitted that they were born in Mexico and did not have legal documents to be present in the United States. USCG officers later released Guzman and Ms. Gamino with a warning.

16. With full knowledge that Ms. Gamino is an illegal alien, Guzman has continued to employ her.

17. On October 4, 2007, from approximately 7:00 a.m. to 9:30 a.m., this affiant and other agents placed the Pepe's business under surveillance and took photographs of employees as they entered or exited the building. Additional photographs were taken on October 17, 2007.

18. On October 18, 2007, this affiant, together with ICE Special Agent David Moss and Investigative Assistant Teresa Alleyne, showed the cooperating witness individual photographs of Guzman and seven employees, including Maria Ramirez (Guzman's wife) and Maria Guadalupe Gamino-Perez, taken at Pepe's the day before. The cooperating witness identified each employee by name and confirmed that Guzman and all seven identified employees are illegal aliens.

19. Because this investigation is continuing, disclosure of the criminal complaint, affidavit and arrest warrant will jeopardize the ongoing investigation. Accordingly, I respectfully request that the criminal complaint, affidavit, and arrest warrant be sealed until further order of this Court.

I declare under penalty of perjury that the above statements are true and accurate to the best of my knowledge and belief.

_____
MICHAEL BARGE
Special Agent
U.S. Immigration and Customs Enforcement

Subscribed and sworn before me on this 29th day of October 2007 at San Francisco, CA.

_____
HONORABLE EDWARD M. CHEN
United States Magistrate Judge