1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT E**

Government's Letter dated December 27, 2007 to Pretrial Services



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

| | |
|---|---|
| *Ronald V. Dellums Federal Building* | *(510) 637-3680* |
| *1301 Clay Street, Suite 340S* | |
| *Oakland, California 94612* | *FAX:(510) 637-3724* |

December 27, 2007

Josh Libby
Pre-Trial Services Officer
450 Golden Gate Avenue
18th Floor - Suite 5497
San Francisco, CA 94102

Re:    United States v. Jose De Jesus Guzman-Baez
CR07-0794 DLJ; CR07-0797 DLJ

Dear Mr Libby:

At the detention hearing yesterday in San Francisco, the Honorable Nandor J. Vadas, United States Magistrate Judge, directed Pre-Trial Services to prepare a complete report setting forth facts relevant to the detention/release issue. The detention hearing has been continued to January 2, 2008 at an unspecified time.

The United States seeks defendant's continued detention on the ground of risk of flight. The legal standard for detention on this ground is preponderance of the evidence. The following background and relevant facts are submitted to facilitate the Court's ability to render an informed decision.

1. <u>PROCEDURAL HISTORY</u>:

On October 29, 2007, a Criminal Complaint charged defendant with Harboring Illegal Aliens (8 U.S.C. § 1324[a][1][A][iii]), Employment of Illegal Aliens (8 U.S.C. § 1324a[a][1][A]), and Continuing Employment of Illegal Aliens (8 U.S.C. § 1324a[a][2]).

On November 6, 2007, a search warrant was executed at Pepe's Cabinets, a carpentry business owned by defendant in Oakland since its inception in November 1998. On that same date, defendant was arrested and made inculpatory admissions to ICE agents, as discussed below. Eight of defendant's employees were also arrested and interviewed. Defendant and all of his employees are illegal aliens. On November 6, 2007, ICE lodged a detainer against the defendant.

On November 7, 2007, defendant was initially presented before the Honorable Wayne D. Brazil, United States Magistrate Judge, on the criminal charges. Based upon the ICE detainer, defendant's illegal presence in the United States, and the lack of information about defendant, Pre-Trial Services determined that defendant posed a risk of flight. Defendant has remained in detention since his arrest.

On December 13, 2007, a federal grand jury returned a felony indictment charging defendant with eight counts of Harboring an Illegal Alien (8 U.S.C. § 1324[a][1][A][iii]), one count of Possession of Counterfeit Immigration Document (18 U.S.C. § 1546[a]), and two counts of Fraudulent Use of Social Security Number (42 U.S.C. § 408(a)(7)(B), under docket no. CR07- 0794 DLJ.

On December 14, 2007, a misdemeanor Information charged defendant with eight counts of Employment of Illegal Aliens (8 U.S.C. § 1324a[a][1][A]), and eight counts of Continuing Employment of Illegal Aliens (8 U.S.C. § 1324a[a][2]), under docket no. CR07-0797 WDB.

By order dated December 21, 2007, the Honorable D. Lowell Jensen, United States District Judge, determined that both cases are related pursuant to Local Rule 8-1. Defendant's next appearance before the district court judge is scheduled for January 25, 2008 at 9 a.m.

II. RELEVANT FACTS:

Defendant is an illegal alien from Mexico. Fraud permeates defendant's activities involving a number of federal, state, and local government agencies, i.e., the Department of Homeland Security, Social Security Administration, Internal Revenue Service, California Employment Developmental Department ("EDD"), and the City of Oakland Business Tax Office, as described below and in the attached investigatory reports. Fraud and concealment go directly to the issue of risk of flight. In addition, defendant has three failures to appear based upon various traffic violations in 1999, 2002, and 2004 (see attached DMV printout).

Upon his arrest on November 6, 2007, defendant possessed a Mexican driver's license and Mexico Consular Identification card. Defendant admitted post-Miranda that he is an illegal alien from Mexico with no valid documents. Defendant stated that he last entered the United States by illegally crossing the border at or near Sonora, Arizona, 15 days earlier (mid-October 2007), without being inspected by an immigration officer. ICE has informed the undersigned Assistant United States Attorney that it is very easy to cross from the United States to Mexico through the land border without being detected.

Defendant further admitted that he did not complete Employment Eligibility Forms (I-9s) for any of his employees. These forms are required by law to be completed by employers to establish that every employee is authorized for employment in the United States.

On November 6, 2007, all nine of defendant's employees, including his wife Maria Ramirez, are illegal aliens. On that date, ICE interviewed eight employees, all of whom admitted that they are illegal aliens. All eight employees provided incriminating evidence against the defendant. For example, Michel Velasco-Pantoja ("Velasco") stated that when he showed the defendant his Mexican identification, defendant instructed him to go to International Avenue in Oakland and pay for a forged Social Security Card and Permanent Resident Card. After Velasco showed defendant the fraudulent documents that he had purchased, defendant permitted him to work at Pepe's

2

Cabinets.  As another example, defendant's secretary, Maria Guadalupe Gamino-Perez ("Gamino"), stated that she filled out a job application to work at Pepe's Cabinets and provided defendant with her Mexican Matricula and a fake social security card that her friend had obtained for her. Defendant took a copy of the social security card and asked Gamino if the social security card was good, and she told him "no." A copy of the memoranda of interviews with the employees are enclosed.

The search of Pepe's Cabinets disclosed numerous documents implicating the defendant, including five identification cards belonging to the defendant, i.e., two Mexican identification cards, a fraudulent California Driver's license, a fraudulent permanent resident card, and a valid California Driver's License.  Records from the California Department of Motor Vehicles indicate that defendant obtained the valid California Driver's license by submitting a U.S. birth certificate (see attached).  The birth certificate was fraudulent, as defendant was born in Mexico, not the United States.

Also recovered during the search of defendant's business were copies of at least seven additional fraudulent permanent resident cards.  Two of the cards belonged to current employees and five belonged to past employees.  Copies of at least seven fraudulent social security cards were also seized.  Two of the cards belonged to current employees, and five belonged to past employees.

Additional evidence was recovered from Pepe's Cabinets, including at least three completed job applications where the employee answered "yes" to the question" "Are you prevented from lawfully becoming employed in this country because of your visa or immigration status?"

Defendant was required to submit a quarterly report to EDD identifying the names and social security numbers of all of his employees.  Although Pepe's Cabinets has been conducting business since November 1998, the first quarterly report was not submitted to EDD until 2001.  ICE obtained copies of the EDD reports submitted by Pepe's Cabinets from 2001 through the second quarter of 2007.  ICE's review of the EDD reports indicate that defendant failed to report certain employees to EDD.  In addition, all social security numbers submitted for the seven employees reported in the year 2006, and for the four additional employees reported in the last two quarters, are fraudulent. Of the social security numbers submitted by defendant for approximately 40 employees since 2001, only five are valid.

Defendant also submitted false declarations to the City of Oakland Business Tax Office "under penalty of perjury."  In those declarations, defendant falsely represented that he had no more than one employee.   In the same declarations, defendant falsely represented that Social Security Number 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 was assigned to him.   That social security number is fraudulent.

Defendant also perpetrated fraud against the Internal Revenue Service by paying a number of his employees in cash and by failing to provide his employees with W-2 forms.   Although defendant claimed that he provided three of his current employees with W-2 forms, two of the three

3

employees stated that they never received a W-2 form.   The third employee is not only the manager of Pepe's Cabinets, he resided with the defendant.

The case agent is Special Agent Michael Barge from Immigration and Customs Enforcement, Department of Homeland Security.   He may be reached at cell no. (415) 720-6021.

Very truly yours,

SCOTT N. SCHOOLS
United States Attorney

DEBORAH R. DOUGLAS
Assistant United States Attorney
(510) 637-3725

4