BARRY J. PORTMAN
Federal Public Defender
SHAWN HALBERT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for GUZMAN-BAEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0794 DLJ, 07-0797 DLJ |
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS |
| vs. | Date: April 17, 2008 |
| JOSE DE JESUS GUZMAN-BAEZ, | Time: 10:00 a..m. |
| Defendant. | Court: Honorable D. Lowell Jensen |

      Mr. Jose de Jesus Guzman-Baez asks the Court to grant his motion for a bill of particulars. Mr. Guzman-Baez argued in the memorandum in support of his motion for a bill of particulars that neither the indictment nor the discovery provided by the government gave him sufficient information about what he allegedly did to "conceal, harbor, and shield" each identified person. The government argues that the indictment, together with the discovery it has provided and the affidavits in support of the complaint and the search warrant, give him "the requisite notice of the crimes of which he is charged." Gov't Opp. at 11. Mr. Guzman-Baez disagrees and wishes that the government would put the energy it devoted into opposing his motion into the productive act of properly apprizing Mr. Guzman-Baez of the charges against him. As the government must have had a theory of prosecution with respect to each person that

REPLY RE MTN BILL OF PARTICULARS;
Nos. CR-07-0794 DLJ, 07-0797 DLJ          1

defendant is charged with harboring when the case was presented to the grand jury, there is no reason that this information cannot be elucidated for the defense.

The government claims, without citation, that "the courts have imposed a high standard that must be met before a bill of particulars will be granted." Gov't Opp. at 10. In fact, as discussed in the memorandum in support of Mr. Guzman-Baez's motion, district courts have discretion to grant a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure, and the Rule was amended "to encourage a more liberal attitude by the courts toward bills of particulars." Fed. R. Crim. P. 7, Advisory Committee Note (1966 Amendment). A district court should exercise its discretion to order the government to provide a bill of particulars when the indictment is not adequate to allow the defendant adequately to prepare a defense. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985); *see also United States v. Zanzucchi*, 892 F.2d 56, 57 (9th Cir. 1989) (noting that district court granted motion for bill of particulars); *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982) (same).

Although the government argues that the defense can review discovery in order to understand the charges, in fact, the purposes of a bill of particulars are not satisfied only by the government's provision of complete discovery; the indictment still must include sufficient detail about the charges. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

As Mr. Guzman-Baez argued in his motion for a bill of particulars, to establish a violation of the charged statutes, the government must show more than that he employed the people named in each count of the indictment. The discovery indicates, other than their employment at Pepe's Cabinets, each person named in the indictment was in a different situation with respect to means of payment, tax reporting, employment forms, and the like. Under these circumstances, the government's blanket assertion that Mr. Guzman-Baez has "harbored illegal aliens and that he has continually failed to report accurate information about his workforce to government agencies," Gov't Opp at 11, is not sufficient to allow him to defend against the eight separate charges of harboring an illegal alien.

1     For the reasons stated above an in the memorandum in support of his motion for a bill of particulars, the Court should grant Mr. Guzman-Baez's motion and order the government to provide a bill of particulars explaining its theory of harboring for each charged harboring offense.

Dated: April 11, 2008

                              Respectfully submitted,

                              BARRY J. PORTMAN
                              Federal Public Defender

                              /S/

                              SHAWN HALBERT
                              Assistant Federal Public Defender