```
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )   No. CR 07-0794-DLJ
JOSE DE JESUS GUZMAN-BAEZ,      )   No. CR 07-0797-DLJ
                                )
            Defendant.          )   ORDER
_____)
```

Defendant Jose de Jesus Guzman-Baez (Guzman) was indicted on December 13, 2007, on eight counts of harboring or concealing illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), one count of possession of counterfeit immigration documents, in violation of 18 U.S.C. § 1546(a), and two counts of fraudulent use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). On December 14, 2007, the government filed an information charging Guzman with eight counts of employing an illegal alien, in violation of 8 U.S.C. § 1324a(a)(1)(A) and eight counts of continuing to employ an illegal alien, in violation of 8 U.S.C. § 1324a(a)(2). Guzman now seeks an order releasing him from pretrial detention.

I. Background

Following detention hearings on December 26, 2007, and January 2, 2008, Magistrate Judge Vadas ordered that Defendant Jose De Jesus Guzman-Baez (Guzman-Baez) be released on $50,000 bond, over the government's objection. Judge Vadas then stayed the release order, pending appeal to this Court.

On January 24, 2008, on the government's appeal of the release order, the Court issued an order staying Guzman's release unless

and until a designated amount of property was posted.  No property was posted.

Guzman has now obtained the assistance of Maria Irma Juaregui (Juaregui), a family friend.  Juaregui indicated that she has known the Guzman-Baez family for approximately 10 years, and that the family previously was her tenant.  Juaregui further advised that Guzman's wife is currently residing in a house owned by her son, and that Guzman would be welcome to reside there as well.

Juaregui indicated that she would be willing to post her investment property, located at 3490 Davis Street in Oakland, California, in order to secure Guzman's release.  Juaregui explained that this is a single-family home, which she rents for income.  She further advised that she owns approximately 23 other properties (her residence and other rental properties).  Juaregui indicated that she is the sole owner for the Davis Street property, and she purchased this home in 1985 for #37,000.  Juaregui stated that she believed the current market value is approximately $280,000, and that she owns this property outright.

Juaregui indicated that she has resided at 20118 Austin Lane in Castro Valley, California, since 2006 with her husband.  She stated that he husband owns a business, Hector's Construction, and that she works part-time as the office manager.  She advised that she earns $35 per hour and works approximately 32 hours per week.  Juaregui reported that she is a United States citizen, and she does not have a criminal history.  She appeared in court on April 17,

2

2008, and expressed her willingness to be financially responsible for Guzman's court appearances.

## II. Legal Standard

18 U.S.C. § 3145(a)(1) provides in pertinent part that: If a person is ordered released by a magistrate judge, . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.  This Court reviews the magistrate judge's decision *de novo*.  United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).  In conducting its reviews, the district court may hold additional evidentiary hearings, but is not required to do so.  Id.

18 U.S.C. § 3142(c) mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.  United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).  If the trial court order that the defendant be released subject to conditions, § 3142(c)(2) specifically prohibits the court from imposing a financial condition that results in the pretrial detention of the defendant.  United States v. Fidler, 419 F.3d 1026, 1028 (9th Cir. 2005).  However, the district court imposing a financial condition of release that results in the de facto detention of the defendant does not violate § 3142(c)(2) if the record shows that the detention is not based solely on the defendant's inability to meet the financial burden, but rather on

3

the district court's determination that the amount of the bond is necessary to reasonably assure the defendant's attendance at trial or the safety of the community.  Id.

18 U.S.C. § 3142(e) provides that the judicial officer shall issue a detention order pending trial if no condition or combination of conditions will reasonably assure (a) the appearance of the person as required and (b) the safety of any other person and the community.  The government bears the burden of showing a flight risk by a preponderance of the evidence but must show a danger to the community by clear and convincing evidence.  United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing Motamedi, 767 F.2d at 1406-07).

18 U.S.C. § 3124(g) specifies factors that the court should consider when determining whether there are condition of release that will reasonably assure the defendant's appearance and the community's safety: (1) the nature and seriousness of the offense(s) charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  Gebro, 948 F.2d at 1121.  The defendant's alienage may be taken into account, but it does not point conclusively to a determination that the defendant poses a serious flight risk.  Motamedi, 767 F.2d at

1408.

When assessing an alien defendant's ties to the United States, factors to be considered include how long the defendant has resided in this country, whether defendant has been employed in the United States, whether defendant owns any property in this country, and whether defendant has any relatives who are United States residents or citizens.  United States v. Townsend, 897 F.2d 989, 996 (9th Cir. 1990).

III. Discussion

Under the circumstances, the Court is satisfied that the following combination of conditions will reasonably assure the Court that Guzman will appear as required:

1. Guzman and the owner of some real property valued at not less than $40,000 shall execute a bond secured by the real property;

2. Guzman shall report to Pretrial Services as directed;

3. Guzman shall surrender all travel documents in his possession and shall not apply for any new passports or travel documents;

4. Guzman's travel is restricted to Alameda County;

5. Guzman shall not possess any firearms, destructive devices, or other dangerous weapons;

6. Guzman shall not change residence without prior approval from Pretrial Services;

7. Guzman shall refrain from excessive use of alcohol, and

5

shall refrain from any use or unlawful possession of a narcotic drug and other controlled substances without a legal prescription;

    8.   Guzman shall submit to electronic monitoring. He may leave his residence for medical and legal purposes with prior approval of Pretrial services; and

    9.   Guzman shall only us his true name, and shall not possess any identification in any other names for himself or others. Guzman's long-standing ties to the community, his family's lawful residence here, and his strong reasons for seeing this case through to its conclusion all weigh heavily in favor of the conclusion that these conditions are sufficient.

    Based on the foregoing, the matter is referred to Magistrate Judge Brazil for issuance of the release order upon satisfaction of the conditions set by the Court.

    IT IS SO ORDERED.

Dated:    April 18, 2008

                              D. Lowell Jensen
                              United States District Judge