

## U.S. Department of Justice

*United States Attorney*
*Northern District of California*

---

*Ronald V. Dellums Federal Building*          *(510) 637-3680*
*1301 Clay Street, Suite 340S*
*Oakland, California 94612*          *FAX:(510) 637-3724*

April 29, 2008

Honorable Wayne D. Brazil
United States Magistrate Judge
1301 Clay Street
Oakland, CA 94612

Re:    <u>United States v. Jose De Jesus Guzman-Baez</u>
CR07-00797 DLJ; CR07-00794 DLJ

Dear Magistrate Judge Brazil:

Yesterday, on April 28, 2008, the undersigned Assistant United States Attorney received a voice message from defendant's attorney, Assistant Federal Public Defender Shawn Halbert, advising the government that she intended to place this case on the magistrate's calendar for submission of the bond package on April 30, 2008.   In my return voice message, I requested a copy of the bond package for the government's review.   Ms. Halbert did not forward a copy of the bond package, but, rather, submitted (via e-filing) the bond package to the court today.

General Order No. 55 explicitly states that the bond package "must be given to the prosecutor assigned to the case for *review and approval before being submitted to the court*.   The parties should make good faith efforts to resolve informally any issues and/or disagreements regarding the sufficiency of documents before bringing such matters before the court.   The court will not be involved in the valuation or approval of a bond package unless there is a dispute between the parties and only after good faith efforts have failed to resolve" (emphasis added) (<u>see</u> Exhibit A, ¶ II C). By submitting the bond package to this Court without the requisite prior review and approval by the government, Ms. Halbert has not complied with General Order No. 55.

In his bond package, defendant has not submitted a preliminary title report or litigation guarantee (<u>see</u> General Order No. 55, paragraph II.B. 2.), but, rather, a "Lot Book Guaranty." Based upon written guidance within the United States Attorney's Office, a "Lot Book Guaranty' is "inferior" because it "lack[s] a guarantee" and does "not include all encumbrances such as tax liens and judgment liens." In addition, rather than submitting a valuation by a licensed appraiser, defendant has submitted a valuation by Zillow.com, an internet-based appraisal, which the U.S. Attorney's written guidance provides  is "not considered as accurate as appraisals by licensed appraisers, and in fact may be way off.  Indeed, they are generally not accepted by banks for mortgages, or given much weight by courts in valuation disputes." If Ms. Halbert had submitted the bond package to the government, as required by General Order No. 55, these matters could have been discussed between the parties.  Since the posting of the bond has already been scheduled for tomorrow morning before this Court, the government will not pursue these matters.  In the future, the undersigned Assistant United States Attorney will oppose bond packages in which the government has been denied the opportunity to review and approve the package prior to submission to the court in accordance with General Order No. 55.

However, the government respectfully submits that the following matters need to be addressed: The proposed "Short Form Deed of Trust" submitted by the defendant is deficient because it only includes the name of Maria Irma Jaurequi, who is one of two title holders. The other title holder, Hector Jauregui, must be added to this document.   As set forth in General Order No. 55, paragraph II. 4, entitled "Deed of Trust and Assignment of Rents, "[t]his document conveys the interest in the property to the court.  The document must be signed by all parties who hold title to the property."  Also missing from defendant's proposed "Short Form Deed of Trust" is the standard agreement by the trustors to protect the security of the deed of trust (consisting of 14 paragraphs) (see Exhibit B to General Order No. 55).  This agreement should not be recorded with the trust; however, the government wants to ensure that the trustors have notice of this written agreement.  Further, the "Short Form Deed of Trust" and "Full Conveyance" must be notarized as part of the final process.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DEBORAH R. DOUGLAS
Assistant United States Attorney

2

**EXHIBIT A**

General Order No. 55 with Exhibits

## GENERAL ORDER No 55
## BOND EXONERATION AND THE POSTING AND RETURN OF PROPERTY

### I. PURPOSE

The purpose of this General Order is to ensure that property is correctly posted as security for a bond in a criminal case and is returned in conformance with the law promptly after entry of final judgment.

### II. GUIDELINES FOR POSTING REAL PROPERTY
### TO SECURE A PERSON'S RELEASE FROM CUSTODY

#### A. Introduction

The following are guidelines for posting real property to support a pretrial release bond in the United States District Court for the Northern District of California. When the court sets a bond to secure a person's pretrial release and orders the bond secured by real property, certain documents will be required to prove the value and ownership of the property and to secure the court's interest. The documents are typically prepared by the defense, presented to the government for approval and then lodged with the court. These guidelines are intended to assist parties to generate accurate and reliable documentation without undue delay, expense or burden.

#### B. Required Documents

The court requires accurate information concerning the value of and title to any property posted as security for a bond. For each piece of real property being posted, documents must be provided to show (1) that the property has enough equity to support its portion of the bond amount, and (2) that the person(s) posting the property is/are the true and only owner(s).

**Note**: There will be no deviation from the requirements set forth below regarding (1) the Obligation, (2) the Deed of Trust, or (3) the Reconveyance. (See B 3, 4 & 5 below.)

##### 1. Valuation Documents

Documents that show the current fair market value of property are to be used in this process. Appraisals conducted by licensed appraisers are recognized as the most effective means of capturing the fair market value of property. Other methods, such as property profiles or comparative market analyses, may be considered when particular circumstances diminish valuation concerns or when otherwise appropriate.

##### 2. Title Documents

Documents prepared by a title insurance company or a title research company

that show (a) the current legal owners, and (b) encumbrances, liens and/or mortgages on the property must be submitted. Such documents usually include a preliminary title report and/or litigation report. Other documents may be considered when warranted by particular circumstances, such as the posting of multiple properties.

### 3. Obligation

This document guarantees that the owner(s) of the property understand(s) that the property is being posted as security for the defendant's release from custody. Defendants and sureties must be advised that if the defendant fails to appear and abide by all other conditions imposed by the court, the property is subject to forfeiture by the United States. The obligation must be signed by each person who holds title to the property. The form must substantially conform to the form attached as *Exhibit A*.

### 4. Deed of Trust and Assignment of Rents

This document conveys the interest in the property to the court. The document must be signed by all parties who hold title to the property. The document must also conform with the legal requirements of a document conveying interest in real property. Both the "beneficiary" and "trustee" for the property must be "Richard W. Wieking, Clerk of the Court." The deed of trust must have the case name, case number and the amount of the bond on its face. A sample form is attached as *Exhibit B*. The deed of trust must be recorded with the County Recorder in the county where the property lies. The deed of trust should not be recorded until the entire bond package has been approved.

### 5. Reconveyance

A fully prepared reconveyance deed must be lodged with the court at the time the property bond is posted. A sample form is attached as *Exhibit C*.

**Note 1**: The sample reconveyance document may not satisfy the requirements of states other than California. The preparer of the reconveyance document is responsible for verifying the requirements of any other state in which property lies and providing the proper documents to the Clerk.

**Note 2**: The Clerk's Office will automatically use the lodged reconveyance document to reconvey the Clerk's interest in the property upon exoneration of the bond. If changed circumstances make this reconveyance document obsolete, the submitting party must submit a new reconveyance document to the Clerk's Office along with clear instructions to use it in place of the one previously submitted.

**Note 3**: The Clerk's Office will not alter or amend the reconveyance document submitted at the time the bond package is lodged and does not warrant its accuracy or assume liability for the reconveyance document or its recording. The submitting party is solely responsible for its accuracy and recording.

2

C. Review Process

A flexible, case-by-case approach to the valuation of property may result in the parties agreeing on different combinations of the valuation and title documents outlined below. The documents listed in II.B must be given to the prosecutor assigned to the case for review and approval before being submitted to the court. The parties should make good faith efforts to resolve informally any issues and/or disagreements regarding the sufficiency of documents before bringing such matters before the court. The court will not be involved in the valuation or approval of a bond package unless there is a dispute between the parties and only after good faith efforts have failed to resolve it.

D. Lodging the Bond Package with the Court

When all the above documents have been prepared and approved by the parties or by the court and the deed of trust has been recorded, the documents must be lodged with the Clerk of the Court.

**Note**: The Clerk's Office will only lodge recorded deeds of trust. A conformed or certified copy from the recording office of the recorded deed of trust will suffice to show proof of recording. The Clerk's Office will issue a receipt in exchange for the lodged documents.

### III. PROCEDURE FOR THE EXONERATION OF BOND AND RECONVEYANCE OF PROPERTY

A. Unless otherwise requested by one of the parties, upon final judgment in any criminal matter in which a bond has been posted, the court on its own motion will either (1) exonerate the bond at the time of sentencing, or (2) order the bond exonerated upon the self-surrender of the defendant to the Bureau of Prisons for service of the defendant's sentence.

B. Upon exoneration of the bond, the Clerk of the Court will reconvey the property by executing the reconveyance document lodged with the court by the posting party, and sending the executed reconveyance document to the address for the posting party which appears on the reconveyance document. The posting party is responsible for recording the reconveyance document with the respective county recorder.

C. Subject to the provisions of 28 USC § 2044, if cash or cash equivalents have been posted, the owner(s) of the cash or cash equivalents, *i.e.*, the defendant or the surety or sureties, must proceed in the manner described in the Clerk's Notice of Bond Exoneration, attached hereto as *Exhibit D* and made a part of this General Order.

D. Except as hereinafter provided, all travel documents or other personal property of the defendant submitted to the Clerk of the Court at the time of the posting of the bond will be sent to the defendant or defendant's attorney upon execution of the order exonerating bond. If the defendant's attorney is no longer representing the defendant and there is no known address for the defendant or attorney, the personal property will be held by the Clerk of the Court until such time as the defendant requests its release; if the defendant is incarcerated, or if the passport is expired, all travel documents will be sent to the appropriate passport agency.

E. If the bond is exonerated for any reason other than entry of final judgment, the defendant's attorney must submit a proposed order of exoneration.

F. If any judge of this court orders the forfeiture of a bond, cash or cash equivalents or property, real or otherwise, posted for the purpose of securing the bond will be forfeited up to the amount of the bond.

ADOPTED:  April 19, 2005            FOR THE COURT:
AMENDED:  May 9, 2007

VAUGHN R WALKER
United States District Chief Judge

4

EXHIBIT A

# OBLIGATION

We, the undersigned, represent and/or agree that:

(1) We are the owners of the property pledged in the attached Deed of Trust;

(2) In consideration for the release of defendant _____ on bond in the matter of the United States v. _____, Case No. CR_____, we pledge the amount of $_____ to be secured by the above-mentioned Deed of Trust executed in favor of the United States District Court, Northern District of California.

(3) In the event bail is eventually exonerated in said matter, said beneficiary of the Deed of Trust is authorized and requested to execute and acknowledge the Reconveyance document also attached hereto;

(4) In the event bail is eventually forfeited for failure to comply with the terms of the bail order, said beneficiary is authorized to request the trustee under the Deed of Trust to proceed with foreclosure under the terms of the Deed of Trust and to submit this document together with the order forfeiting bail and the Deed of Trust as conclusive evidence of default.

Dated:_____        _____

                                        _____

Dated:_____        _____

                                        _____

EXHIBIT B
ATTORNEY OF RECORD

WHEN RECORDED MAIL TO:

Richard W. Wieking, Clerk of the US District
Court for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

THIS SPACE USED FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS SECURING A PERSONAL SURETY BOND TO THE UNITED STATES DISTRICT COURT

THIS DEED OF TRUST, made this ____ day of _____, between _____, herein called TRUSTOR, whose address is _____ and
                                        (number and street)                          (city)                    (state)
Richard W. Wieking, Clerk, United States District Court for the Northern District of California, herein called TRUSTEE, and Richard W. Wieking, Clerk, United States District Court for the Northern District of California, herein called BENEFICIARY,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in _____ County, California, described as:

*(ATTACH PROPERTY DESCRIPTION ON SEPARATE PAGE)*

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the purpose of securing performance of each agreement of Trustor incorporated by reference or contained herein under the bond(s) posted on behalf of defendant(s)_____ in Case No CR _____ which includes an obligation by said trustor's surety(ies) in the amount of $_____ secured by_____.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the note or the Personal Surety Bond secured hereby, that provisions (1) to (14), inclusive, (which provisions, identical in all counties, are printed on the reverse hereof) of the fictitious deed of trust recorded in the book and at the page of Official Records in the office of the County Recorder of the County where said property is located, noted below opposite the name of such County, viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | RE5477 | JM 148 | Kings | 1122 | 516 | Placer | 1996 | 591 | Sierra | 78 | 652 |
| Alpine | 30 | 374-376 | Lake | 942 | 153 | Plumas | 291 | 119 | Siskiyou | 624 | 414 |
| Amador | 333 | 343 | Lassen | 334 | 458 | Riverside | 1978 | 140181 | Solano | 1978 | 55321 |
| Butte | 2301 | 464 | Los Angeles | 78-738583 | -- | Sacramento | 78-07-07 | 1144 | Sonoma | 3421 | 802 |
| Calaveras | 475 | 244 | Madera | 1406 | 233 | San Benito | 432 | 18 | Stanislaus | 3074 | 385 |
| Colusa | 461 | 325 | Marin | 3400 | 76 | San Bernardino | 9469 | 1383 | Sutter | 929 | 678 |
| Contra Costa | 8914 | 326 | Mariposa | 185 | 384 | San Diego | 1978 | 78-285214 | Tehama | 755 | 108 |
| Del Norte | 219 | 441 | Mendocino | 1157 | 523 | San Francisco | C601 | 709 | Trinity | 192 | 632 |
| El Dorado | 1649 | 92 | Merced | 2130 | 629 | San Joaquin | 4420 | 184 | Tulare | 3549 | 778 |
| Fresno | 7089 | 711 | Modoc | 255 | 590 | San Luis Obispo | 2084 | 280 | Tuolumne | 539 | 129 |
| Glenn | 631 | 343 | Mono | 246 | 573 | San Mateo | 7759 | 2337 | Ventura | 5158 | 219 |
| Humboldt | 1500 | 553 | Monterey | 1257 | 744 | Santa Barbara | 78-30910 | -- | Yolo | 1316 | 148 |
| Imperial | 1418 | 1241 | Napa | 1088 | 368 | Santa Clara | D797 | 194 | Yuba | 671 | 393 |
| Inyo | 232 | 93 | Nevada | 963 | 297 | Santa Cruz | 2933 | 275 | | | |
| Kern | 5123 | 521 | Orange | 12749 | 728 | Shasta | 1536 | 350 | | | |

are hereby adopted and incorporated herein and made a part hereof as though fully set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in the Deed of Trust. The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA
COUNTY OF _____ }ss.

On _____, before me, _____
_____, a Notary Public, personally appeared _____
_____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary Public

Signature of Trustor

_____

_____

_____

THIS DEED OF TRUST IS EXECUTED SOLELY FOR THE PURPOSE OF POSTING BAIL FOR DEFENDANT_____ IN THE CASE OF UNITED STATES v _____, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA Nº CR_____.

### DO NOT RECORD THIS PAGE

### To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary as herein defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

EXHIBIT C

| WHEN RECORDED MAIL TO: | |
|---|---|
| | |
| | Space Above This Line for Recorder's Use |

# FULL RECONVEYANCE

Richard W. Wieking, Clerk, United States District Court for the Northern District of California

as Trustee and Beneficiary under that certain Deed of Trust dated the ___ day of _____,

_____, executed by_____

_____

as Trustor(s) and recorded as instrument number _____ on _____

in Book _____ at Page _____ of Official Records, in the Office of the Recorder of _____

_____ _____ County, California, having been requested in writing by the holder of the

obligations secured by said Deed of Trust to reconvey the estate granted to Trustee under said

Deed of Trust, DOES HEREBY RECONVEY to the person or persons legally entitled thereto,

without warranty, all the estate, title, and interest acquired by Trustee under said Deed of Trust.


_____

Richard W. Wieking,
Clerk of Court, United States District Court

Dated: _____

STATE OF CALIFORNIA
COUNTY OF _____ } ss:

On _____, before me, _____, a Notary Public, personally
appeared _____ personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.
WITNESS my hand and official seal.

_____
    Signature of Notary Public

(This area for Official Notarial Seal)

EXHIBIT D

## CLERK'S OFFICE

## NOTICE OF BOND EXONERATION

When a defendant is permitted to post bail of either cash, cash equivalent or check, that bail will be returned upon the exoneration of bail ordered by the court:

1.      In the case of cash, the bail shall be returned to the person who delivered the cash to the Clerk's Office and whose name appears on the Clerk's Office receipt for the cash deposit. Each person delivering cash must complete the Affidavit of Owner of Cash Security, attached hereto and made a part hereof, listing his or her name, address, Social Security Number (SSN), Taxpayer Identification Number (TIN), Individual Taxpayer Identification Number (ITIN) or Employer Identification Number (EIN) and the amount of cash owned by that person. In the event of cash being posted by more than one person, the cashier will issue a separate receipt to each owner of the cash based on the information provided on the Affidavit of Owner of Cash Security.

2.      In the case of a personal check, the bail shall be returned to the person who signed the check. In the case of a business check, the bail shall be returned to the business named on the check. In the case of a check from an escrow company upon the sale or refinance of property, the bail shall be returned to the property owner(s) named on the escrow check or cover letter. Each person delivering a check must complete the Affidavit of Owner of Cash Security, listing his or her name, address, SSN, TIN, ITIN or EIN and the amount of cash owned by that person.

3.      In the case of a cashier's check or money order, the bail shall be returned to the person whose name is entered on the reference line on the cashier's check or . money order as the person who purchased the check from the financial institution. Each person delivering a cashier's check must complete the Affidavit of Owner of Cash Security, listing his or her name, address, SSN, TIN, ITIN or EIN and the amount of cash owned by that person.

4.      In any case in which bail received in another district court has been transferred to this district court, it is the responsibility of defense counsel to obtain a court order identifying the owner of the money, such order to contain the name, address and SSN, TIN, ITIN or EIN of the owner of the money.

5.      If bail is remitted through the mail or express delivery, it must be accompanied by the Affidavit of Owner of Cash Security.

6.      Upon exoneration of bail, disbursement cannot be made without a SSN, TIN, ITIN or EIN.

7.      Upon the exoneration of bail, the Clerk's Office will return the bail to: (a) the address or addresses provided on the Affidavit of Ownership of Cash Security; or (b) the address contained in any applicable court order identifying the owner of the bail. It is the obligation of the person or persons to whom, under the above provisions, the exonerated bail will be returned to notify the financial unit of the Clerk's Office, in writing, of any address changes.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**AFFIDAVIT OF OWNER OF CASH SECURITY**

United States v. _____     Case Number CR _____

By my signature below on the date listed therein, I, the owner of the cash or cash equivalents listed below, hereby certify under penalty of perjury that the below amount of cash or cash equivalents appearing next to my signature and deposited as security on the foregoing bond is owned by me and is to be returned to me at the below address upon exoneration of this bond.

| Name of Owner of Cash | Address of Owner of Cash | SSN/TIN/ ITIN/EIN * | Telephone Number | Amount of Cash | Signature of Owner | Date Signed |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*NOTE: Upon exoneration, disbursement cannot be made without SSN, TIN, ITIN or EIN.