**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
19TH FLOOR FEDERAL BUILDING - BOX 36106
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

**BARRY J. PORTMAN**

*Federal Public Defender*

Telephone (415) 436-7700

Fax (415) 436-7706

April 29, 2008

Honorable D. Lowell Jensen
United States District Court
1301 Clay Street
Oakland, CA 94612

Re:    <u>United States v. Jose De Jesus Guzman-Baez,</u>
        CR No. 07-0794 DLJ; CR No. 07-0797 DLJ

Your Honor:

I am writing in response to AUSA Deborah Douglas' letter, dated April 25, 2008, which attaches a transcription of an audiotaped conversation between the informant and Mr. Guzman-Baez.

The government's letter and the transcription do not affect defendant's argument on this point. If anything, the transcription provides further support for defendant's argument and reveals an additional misstatement by the affiant. The defense argued in its papers and orally that the affiant made a reckless or intentional misrepresentation when he informed the magistrate court about the substance of the conversation between the informant and Mr. Guzman-Baez, and in particular, what Mr. Guzman allegedly "stated" to the informant.

The affiant's full statement on this issue in his affidavit is as follows:

"On March 22, 2007, the cooperating witness asked Guzman if he would hire a friend **who had just arrived from Mexico** and 'doesn't have papers.' 'Papers' in street vernacular means immigration documents that establish evidence of authorized stay in the United States (e.g. permanent resident or green card). **Guzman stated that he wanted to first determine the work status of another employee who was recently hospitalized.**" (Affidavit, ¶ 17(d)) (emphasis added).

The defense argued that Mr. Guzman-Baez never "stated" that he wanted to "first determine the work status of another employee who was recently hospitalized" and that he had actually said that he would see "what happens with the old man," which is the only statement by Guzman documented in the Agent Barge's report (defense exhibit D), and which is audible on the copy of the audio tape provided to the defense.

Page 2

Assuming that the government's transcription is correct and that the affiant actually listened to and understood the audio tape before preparing the affidavit,[1] the defense argument is unchanged.  It is still correct that Mr. Guzman never "stated" that he wanted to first determine the work status of another employee.  Further, according to the government's transcription, it is false that the informant identified the potential worker to Guzman as someone "who had just arrived from Mexico," which is of course a significant detail that implies that the person would not have had sufficient time to obtain a work authorization.  To that end, this Court may take judicial notice of the fact that if "papeles" means a permanent resident or green card (as stated in the affidavit), then people without "papeles" are permitted to work in the United States as long as they have work authorizations, which are often the precursor to obtaining a green card or permanent residency status.

Finally, as argued at the hearing and now made abundantly clear by the government's transcription, what the affiant reported as a statement by Guzman was at best the affiant's personal interpretation of a conversation.  Whether or not an affiant is permitted to interpret a conversation for the magistrate court is irrelevant, because the interpretation was recklessly or falsely identified by the affiant as being what Guzman "stated."

Thank you for your consideration.

Very truly yours,

BARRY J. PORTMAN
Federal Public Defender

/S/
SHAWN HALBERT
Assistant Federal Public Defender

cc: AUSA Deborah Douglas

---

[1]The defense cannot attest, one way or the other, to the accuracy of the government's transcription.  As documented in undersigned counsel's prior correspondence with the government, the audio copy provided to the defense is mostly inaudible, and the defense will accept the government's offer to listen to the government's copy of the tape in the government's office.  Further, the government has not actually informed the Court of whether the affiant (who the defense does not believe speaks Spanish) ever listened to or received a translation of the audio tape – which apparently was not translated and transcribed by the government until last week – before he prepared his affidvait on October 29, 2007.