**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA,    ) |
| 2 |                              )
|   |              Plaintiff,    ) |
| 3 |                              )
|   |         v.                   ) |
| 4 |                              )    No. CR 07-0794-DLJ |
|   | JOSE DE JESUS GUZMAN-BAEZ,    )    No. CR 07-0797-DLJ |
| 5 |                              ) |
| 6 |              Defendant.    )    **ORDER** |
|   | _____) |
| 7 | |

8      Defendant Jose de Jesus Guzman-Baez (Guzman) was indicted on

9   December 13, 2007, on eight counts of harboring or concealing

10  illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), one

11  count of possession of counterfeit immigration documents, in

12  violation of 18 U.S.C. § 1546(a), and two counts of fraudulent use

13  of a social security number, in violation of 42 U.S.C. §

14  408(a)(7)(B).  On December 14, 2007, the government filed an

15  information charging Guzman with eight counts of employing an

16  illegal alien, in violation of 8 U.S.C. § 1324a(a)(1)(A) and eight

17  counts of continuing to employ an illegal alien, in violation of 8

18  U.S.C. § 1324a(a)(2).

19      On April 17, 2008, the Court heard oral argument on Guzman's

20  motion to suppress evidence seized pursuant to a search warrant

21  executed at his place of business, or in the alternative for a

22  Franks hearing regarding misrepresentations and omissions in the

23  affidavit submitted in support of the search warrant.  Shawn

24  Halbert appeared for Guzman and Deborah Douglas appeared for the

25  government.  Having considered the papers submitted, the record in

26  this case, the applicable law, and the arguments of counsel, the

1    Court DENIES Guzman's motions.

2    I. Background

3        In his application for a search warrant Special Agent Michael

4    Barge (Barge) of U.S. Immigration and Customs Enforcement (ICE)

5    included his affidavit in support of the warrant.  The multi-page

6    affidavit described information gathered by Barge in his

7    investigation including: personal observations made in the course

8    of surveillance, undercover actions and interviews; official

9    records of local, state and federal agencies; and statements of

10   witnesses including a cooperating employee.

11       On October 29, 2007, a warrant was issued authorizing a search

12   of Guzman's business, known as Pepe's cabinets, for evidence of

13   violations of the harboring, employing and continuing-to-employ

14   illegal aliens statutes found at 8 U.S.C. §§ 1324 and 1324a.  On

15   November 6, 2007, the warrant was executed at Pepe's cabinets, when

16   ICE agents made images of three computer hard drives and seized

17   five identification cards, two boxes of documents and approximately

18   $45,000.

19

20   II.  Legal Standard

21   **A.  Sufficiency of Search Warrant Affidavit**

22       Probable cause should be determined on the basis of the

23   totality of the circumstances.  Illinois v. Gates, 462 U.S. 213,

24   238 (1983).  The task of the reviewing magistrate is simply to make

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before her, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is probable cause that a crime has been committed and a fair probability that contraband or evidence of a crime will be found in a particular place.  <u>Id.</u>  A magistrate's determination of probable cause should be paid great deference by reviewing courts.  <u>Id.</u> at 236.  A reviewing court's duty is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  <u>Id.</u> at 238-39.  A magistrate's determination of probable cause to issue a search warrant is reversed only if that determination is clearly erroneous.  <u>United States v. Terry</u>, 911 F.2d 272, 275 (9th Cir. 1990).

**B.    <u>Franks</u> hearing.**

Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978).  The Ninth Circuit has set forth a five step test before granting a <u>Franks</u> hearing: the

**United States District Court**
For the Northern District of California

defendant must (1) allege specifically which portions of the affidavit are allegedly false, (2) assert that the false statements or omissions were made deliberately or recklessly, (3) present a detailed offer of proof, including affidavits, to support these allegations, (4) challenge only the veracity of the affiant, and (5) challenge statements that are necessary to find probable cause. United States v. Jaramillo-Suarez, 950 F.2d 1378, 1387 (9th Cir. 1991).

## C.   Evidentiary Hearing on Motion to Suppress

The appropriateness of an evidentiary hearing rests within the sound discretion of the district court, and may be held even if there are no facts in dispute. United States v. Batiste, 868 F.2d 1089, 1092 (9th Cir. 1989). An evidentiary hearing is required on a motion to suppress if the court concludes from the moving papers that there are material contested issues of fact regarding the validity or legality of the search. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

## III. Discussion

## A. Motion to Suppress

Guzman argues that the affidavit in support of the warrant to search his business did not establish probable cause. Specifically, he argues that the affidavit failed to establish

4

probable cause that Guzman knew that his employees were illegal aliens.  As knowledge that the alien is illegally in the country is an element of the crime of harboring that alien, a failure to establish such knowledge is a failure to establish the crime.

The government points to a number of facts alleged in the affidavit that, taken together, establish a totality of circumstances sufficient to support a finding of probable cause by the magistrate that Guzman knew his employees were undocumented at the time he concealed them from immigration authorities:

1. Guzman did not use required employment eligibility verification (I-9) forms when he hired some employees;

2. Guzman's hiring process sometimes did not include written records;

3. Guzman did not require personal identification from the cooperating witness before the witness was hired;

4. California Employment Development Department (EDD) records submitted by Guzman for himself and for his other employees all have invalid social security numbers;

5. Guzman paid some of his employees in cash without providing W-2 forms;

6. Guzman's employees, while at work, openly discussed their illegal immigration status and methods of evading detection by border patrol when entering the country;

5

United States District Court

For the Northern District of California

7. Guzman expressed interest in hiring persons without "papers"

8. Guzman was present with Gamino when she provided a Mexican consular ID to law enforcement authorities as identification, a means of identification commonly used by illegal aliens, a means used by Guzman himself on the same occasion;

9. Guzman, who is undocumented, lived with two people, including his own wife, who were undocumented and who were his employees;

10. The cooperating witness identified Guzman and seven of his employees as illegal aliens.

The Court is satisfied that the affidavit provided sufficient factual circumstances to enable a reasonably prudent person to find a fair probability that Guzman knew his employees were undocumented. See <u>Gates</u>, 462 U.S. at 238. The affidavit alleged sufficient facts that the Court can not find that the magistrate's issuance of the search warrant was clearly erroneous. See <u>Terry</u>, 911 F.2d at 275.

**B. <u>Franks</u> Hearing**

Guzman claims that a number of misrepresentations and omissions were made in the warrant application. Had the affidavit contained the whole truth, argues Guzman, the magistrate judge would not have found probable cause to support the issuance of a warrant. Guzman accordingly asks for a <u>Franks</u> hearing to evaluate

the truth of the allegations made in the affidavit and thereafter adjudicate the validity of the warrant.

Guzman alleges that, in the affidavit, Barge (1) omitted information in his possession that the informant cooperating witness had not been truthful about his employment status in a separate rental application, and (2) omitted the fact that Guzman did not personally prepare the false EDD reports.  Upon <u>Franks</u> analysis, there is no showing that these alleged omissions were intentional, nor does it appear that they are material.  If the affidavit had included this information its sufficiency to establish probable cause would not have been removed.  Guzman also alleged that Barge (1) misrepresented the content of a conversation between Guzman and the informant about the hiring of an undocumented worker, and (2) misrepresented Guzman's observations during the traffic stop by the Coast Guard.  As to these alleged misrepresentations, there is, again, no showing of deliberate misrepresentation or of materiality.  If these statement are omitted from the affidavit the warrant application still amply supports a finding of probable cause that Guzman had been concealing illegal aliens and that evidence of that crime could be found at his place of business.  A <u>Franks</u> hearing is unwarranted.  <u>See Jaramillo-Suarez</u>, 950 F.2d at 1387.  The warrant and subsequent search of Pepe's Cabinets were valid.

7

IV.   <u>Conclusion</u>

    For the foregoing reasons, Guzman's motions for a <u>Franks</u> hearing and to suppress evidence are DENIED.


    IT IS SO ORDERED.

Dated:     May 22, 2008

                                        D. Lowell Jensen

                                        United States District Judge

8